UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

ANGELA MITCHELL o/b/o D.D., a minor child,

    Plaintiff,

v.                                                 Case No: 5:21-cv-352-PRL

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

## ORDER

On behalf of her minor child (the claimant), Plaintiff appeals a decision denying her application for Supplemental Security Income ("SSI"). Upon a review of the record, the memoranda, and the applicable law the Commissioner's decision is **affirmed.**

## I.    BACKGROUND

For the sake of convenience, the administrative history, which is not in dispute, is copied from the Government's brief:

> On September 27, 2019, Angela Mitchell (Plaintiff), protectively filed an application for child's Supplemental Security Income (child's SSI) on behalf of her minor child, D.D. (Claimant) (Tr. 195-207). The agency denied this application at the initial and reconsideration levels (Tr. 79-102, 112-33). Following an administrative hearing held on October 13, 2020 (Tr. 49-78), the ALJ issued a decision on November 25, 2020, finding Claimant not disabled (Tr. 24-46). The Appeals Council subsequently denied Plaintiff's request for review (Tr. 1-7). This case is now ripe for review pursuant to 42 U.S.C. § 1383(c)(3), which incorporates 42 U.S.C. § 405(g).

(Doc. 31, p. 1-2).

At the time of the ALJ's decision, the claimant was 13 years old. (Tr. 30, 195). Plaintiff alleged that the claimant was disabled due to a speech impairment. (Tr. 231). Based on a review of the record, the ALJ found that the claimant has a severe communication impairment. (Tr. 30). The ALJ also found, however, that the claimant did not have an impairment or combination of impairments that meets or medically equalled an impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the listings) or that functionally equaled the listings. (Tr. 30-31). Accordingly, the ALJ determined that the claimant is not disabled. (Tr. 41).

## II.   STANDARD OF REVIEW

In considering a claim for disability benefits for a claimant under age 18, the ALJ uses a three-step sequential evaluation process to determine whether the claimant is disabled. 20 C.F.R. § 416.924(a). The ALJ evaluates: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant has a severe and medically determinable impairment or combination of impairments; and (3) whether the claimant's impairment or combination of impairments meets, medically equals, or functionally equals the severity of an impairment in the Listing of Impairments, 20 C.F.R. §§ 416.924(a)-(d); 416.926(a). To do so, the ALJ considers "all relevant information," including evidence from medical and nonmedical sources, such as the child's parents and teachers. *Id*. § 416.926(a)(b)(3), (e)(1).

The scope of this Court's review is limited to a determination of whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988) (citing *Richardson v. Perales*, 402 U.S. 389, 390 (1971)). Indeed, the Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. §405(g). Substantial evidence is more than a

scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (*citing Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *accord Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991). Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards*, 937 F.2d at 584 n.3; *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). This is clearly a deferential standard.

**III.   DISCUSSION**

Plaintiff raises one argument on appeal: the ALJ failed to properly evaluate whether the claimant had a combination of impairments that medically equalled or functionally equalled a listing. Specifically, Plaintiff contends that the ALJ erred in failing to consider whether the claimant met or equaled the Autism listing 112.10 after finding it to be non-severe.

"To 'meet' a Listing, a claimant must have a diagnosis included in the Listings and must provide medical reports documenting that the conditions meet the specific criteria of the Listings and the duration requirement." *Wilson v. Barnhart,* 284 F.3d 1219, 1224 (11th Cir.2002). To "equal" a Listing, the medical findings must be "at least equal in severity and duration" to the listed findings. *See* 20 C.F.R. § 404.1526(a). Where a claimant has alleged several impairments, the ALJ is required to consider the impairments in combination and to determine whether the combined impairments are medically equivalent to

a listed impairment. *See Jones v. Dept. of Health and Human Services,* 941 F.2d 1529, 1533 (11th Cir. 1991).

Here, the ALJ determined that the claimant had a severe communication impairment and the nonsevere impairments of autism, adjustment disorder, and cognitive and neurobehavioral dysfunction. (Tr. 30). The ALJ addressed listings 111.09 (communication impairment), 112.02 (neurocognitive disorders), and 112.11 (neurodevelopmental disorders), but did not discuss listing 112.10 (autism spectrum disorder).

Listing 112.10 states:

> A. Medical documentation of <u>both</u> of the following:
> 1. Qualitative deficits in verbal communication, nonverbal communication, and social interaction; and
> 2. Significantly restricted, repetitive patterns of behavior, interests, or activities.
>    AND
> B. Extreme limitation of one, or marked limitation of two, of the following areas of mental functioning (see 112.00F):
> 1. Understand, remember, or apply information (see 112.00E1).
> 2. Interact with others (see 112.00E2).
> 3. Concentrate, persist, or maintain pace (see 112.00E3).
> 4. Adapt or manage oneself (see 112.00E4).

20 C.F.R. pt. 404, subpt. P, app. 1, § 112.10.

Like listing 112.10, listing 112.11 has two paragraphs, designated "A" and "B" and the mental disorder must satisfy both paragraphs to meet or equal the listing. Listings 112.02 and 112.11 (which the ALJ addressed) have the same paragraph B criteria as listing 112.10. Although the ALJ did not explicitly discuss listing 112.10, she did consider the requirements in paragraph B and determined the claimant's impairments did not meet or equal the listings. *See Gray ex rel. Whymss v. Comm'r of Soc. Sec.*, 454 F. App'x 748, 750 (11th Cir. 2011) ("Although the ALJ did not explicitly cite Listing 112.05D, he found that Whymss did not meet one of the Listings, and he properly cited the three-step process.").

For a child's impairments to functionally equal a listing, the child's impairments must result in "marked" limitations in two domains of functioning or an "extreme" limitation in one domain. 20 C.F.R. § 416.926a. A child has a "marked" limitation in a domain when his impairment(s) interferes seriously with his ability to independently initiate, sustain, or complete activities. 20 C.F.R. § 416.926a(e)(2). A "marked" limitation is more than moderate, but less than extreme. *Id.* A child has an "extreme" limitation when the child's impairment interferes very seriously with his ability to initiate, and the limitation is "more than marked." 20 C.F.R. § 416.926a(e)(3). An extreme limitation is assigned only to the worst limitations, but does not necessarily mean a total lack or loss of ability to function. *Id.* In assessing functional equivalence, the fact finder considers the child's functioning in six domains: 1) acquiring and using information; 2) attending and completing tasks; 3) interacting and relating with others; 4) moving about and manipulating objects; 5) caring for himself; and 6) health and physical well-being. 20 C.F.R. § 416.926a(b)(1).

Plaintiff argues that the ALJ erred in finding the claimant to have a "less than marked" limitation in the domains of "acquiring and using information" and "attending and completing tasks" and a "marked" limitation in the domain of "interacting and relating with others." Plaintiff claims that the claimant's 2020 report card and the records from Dr. Khodr support that the ALJ has erred. However, substantial evidence supports the ALJ's decision. The ALJ considered the claimant's school records and teacher questionnaires (Tr. 34-37, 261-62, 308-33) as well as the prior administrative findings of the state agency psychological consultants (Tr. 35-36, 83-87- 93-97).

As an initial matter, the ALJ considered Dr. Khodr's evaluation when finding Plaintiff's autism was a nonsevere impairment. (Tr. 30). The ALJ noted that Dr. Khodr's July 2020 evaluation was the only evaluation on the record for autism, and was done based on behavioral observations, interview information, and parent reports. (Tr. 30, 381-85). Dr. Khodr noted he spent 40 minutes face-to-face with the claimant, 50% of that time was spent in counseling and care planning. (Tr. 385). During that time, Dr. Khodr noted that the claimant was somewhat attentive and cooperative, followed most of his instructions and answered most of his questions, was very shy with poor eye contact, was not very talkative, his speech was not clear, he was not interested in communicating, and was often anxious and fidgety. (Tr. 385). The ALJ noted that the record as a whole showed that besides this one evaluation, the claimant has not been treated for a mental disorder. (Tr. 30). Additionally, the claimant has not been referred to testing by the school for any autism suspicions. (Tr. 30). In fact, as noted by the ALJ, the record, including the teacher questionnaires and claimant's school records, support that the claimant is doing well overall, and his general functioning is age appropriate. (Tr. 34). Substantial evidence supports the ALJ's finding that the claimant's autism was a nonsevere impairment.

The teacher questionnaire supports that the claimant does not have problems in the domains of "acquiring and using information" and "attending and completing tasks." (Tr. 261). The teacher questionnaire was filled out by the claimant's math teacher, who had known the claimant for three months, and had seen the claimant 4 days a week (50 minutes for 3 days and 100 minutes for 1 day). (Tr. 260). The ALJ also noted that although the claimant is reserved and needs prompts to communicate and will not initiate comment or ask questions during his speech therapy, he is in an age-appropriate grade level and has maintained average

grades. (Tr.35-36). The claimant has maintained a B average in school and was only retained in kindergarten. (Tr. 35, 37). The claimant's grades in the 1st quarter of 2019 were an A in math, a B in telecommunications and computer applications, a C in language arts, a B in earth science, and a D in history. (Tr. 35). Plaintiff claims that the ALJ failed to consider the claimant's grades from 2020, which reveal the claimant has an F in life science, algebra I, and in the first quarter of language. (Tr. 428). Plaintiff contends that these grades support a "marked" limitation. However, the court may not decide the facts anew, reweigh the evidence, or substitute its judgment for that of the Commissioner. *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 782 (11th Cir. 2014). Here, substantial evidence supports the ALJ's decision.

The ALJ noted that although the claimant's mother stated that he struggles to complete his homework, the teacher questionnaire indicated that the claimant had no problem in the domain of "attending and completing tasks." (Tr. 37, 262). Additionally, the claimant only has an IEP for a language impairment. (Tr. 308). The ALJ noted that the claimant has no treatment or diagnosis for ADHD or an IEP for ADHD. (Tr. 37).

As for interacting and relating with others, the ALJ found marked limitations. (Tr. 38). Although the teacher's questionnaire indicated no problems in this domain, he has been receiving speech therapy at school since 2015. Although the ALJ noted that he has no friends and does not participate in sports (Tr. 38), treatment records from June 2020 state that the claimant had a best friend, was involved with hobbies/sports and group activities, and that his social behavior was appropriate for his age. (Tr. 401). He was shy during his examination, did not make eye contact, and answered questions with one- or two-word answers. (Tr. 38, 402). Although he receives speech therapy at school, he was also referred to private speech

therapy but only continued at school. (Tr. 38, 402). Accordingly, substantial evidence supports the ALJ's "marked" limitation finding in the domain of interacting and relating with others.

Even if this Court were to disagree with the ALJ's resolution of the factual issues, and would resolve them differently, the ALJ's decision nevertheless must be affirmed where, as here, it is supported by substantial evidence in the record as a whole. *See Martin v. Sullivan,* 894 F.2d 1520, 1529 (11th Cir. 1990). Moreover, "the claimant bears the burden of proving he is disabled, and, consequently, he is responsible for producing evidence to support his claim." *Sanders v. Soc. Sec. Admin., Comm'r*, 854 F. App'x 311, 315 (11th Cir. 2021).

### IV.   CONCLUSION

For the reasons stated above, the ALJ'S decision is AFFIRMED under sentence four of 42 U.S.C. § 405(g). The **Clerk is directed** to enter final judgment for the **Commissioner** and **close the file**.

**DONE and ORDERED** in Ocala, Florida on August 19, 2022.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties